UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROBERTSON STEPHENS, INC.<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)　Case no. 03cv27 (RCL)<br>)<br>)<br>)<br>)<br>)<br>) |

**FINAL JUDGMENT AS TO DEFENDANT ROBERTSON STEPHENS, INC.**

The Securities and Exchange Commission having filed a Complaint and Robertson Stephens, Inc. ("Defendant") having entered a general appearance; consented to the jurisdiction of the Court over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant, Defendant's agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating NASD Conduct Rule 2330 by sharing,

directly or indirectly, in the profits or losses in any account of a customer carried by Defendant or any other NASD member, except as may be permitted by NASD Conduct Rule 2330.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant, Defendant's agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating NASD Conduct Rule 2110 by failing to observe high standards of commercial honor and failing to adhere to just and equitable principles of trade.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant, Defendant's agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78q] and Rule 17a-3(a)(6) thereunder [17 C.F.R.§ 240.17a-3(a)(6)] by failing to make and keep for prescribed periods such records, furnish such copies thereof, and make and disseminate such reports as the Commission, by rule, prescribes as necessary or appropriate in the public interest, for the protection of investors, or otherwise in furtherance of the purposes of this section.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay $23 million, representing disgorgement of monies obtained improperly by Defendant as a result

of the conduct alleged in the Complaint, provided, however, that the foregoing payment obligation shall be reduced by any amounts paid by Defendant pursuant to its agreement to pay disgorgement to NASD in a related proceeding.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that payment of the disgorgement shall be made to the U.S. Treasury. Such Order is based on the Commission's determination, in light of the violations of NASD Conduct Rules 2110 and 2330, and Section 17(a) of the Exchange Act and Rule 17a-3(a)(6) thereunder, as alleged in the Complaint, that the disgorgement funds should not be distributed to any third parties, and that payment of such funds to the Treasury is appropriate and in the public interest. Defendant shall satisfy this obligation by paying the disgorgement amount within three business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312 and shall be accompanied by a letter identifying Robertson Stephens, Inc. as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. A copy of the cover letter and of any money orders or checks, front and back, shall be transmitted simultaneously to Nancy A. Markowitz, Esq., Securities and Exchange Commission, 450 5th Street, NW, Washington D.C. 20549-0707.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil

penalty of $5 million pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] provided, however, that the foregoing payment obligation shall be reduced by any amounts paid by Defendant pursuant to its agreement to pay a penalty to NASD in a related proceeding.

VII.

IT IS FURTHER ORDERED. ADJUDGED, AND DECREED that the payment of the civil penalty described in Paragraph VI shall be made within ten days of the entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission.  The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Robertson Stephens, Inc. as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  A copy of the cover letter and of any  money orders or check, front and back, shall be transmitted to Nancy A. Markowitz, Esq., Securities and Exchange Commission, 450 5th Street, NW, Washington D.C. 20549-0707.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.


                Royce C. Lamberth
                UNITED STATES DISTRICT JUDGE

Date: January 10, 2003